IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Abillio Ottonial Lopez Godoy, | : | |
| | : | |
| Petitioner, | : | |
| | : | No. 4:06-CV-2378 |
| v. | : | |
| | : | |
| Immigration and Customs Enforcement, | : | A # 79 019 192 |
| | : | |
| Respondent. | : | |

**O R D E R**

December 12, 2006

**BACKGROUND:**

On December 11, 2006, petitioner Abillio Ottonial Lopez Godoy filed an emergency motion for stay of deportation with this court . Godoy is an alien in the custody of ICE and detained at York County Prison, York, Pennsylvania. Evidently, an immigration judge denied asylum to Godoy and ordered deportation. Godoy appealed this decision to the Board of Immigration Appeals, which dismissed his appeal. Then, he filed a habeas corpus petition to this court challenging the final order of removal. His petition also contains two additional claims. First, he claims that he was either denied medical treatment or subject to medical malpractice. Second, he asks that his property be returned.

Because we no longer have jurisdiction to hear habeas corpus petitions challenging final orders of removal we transfer this case to the United States Court of Appeals for the Third Circuit.  Petitioner should make all future filings in that court.  Furthermore, because petitioner's two additional claims are not properly brought in a habeas corpus petition, we will dismiss them without prejudice.

**DISCUSSION:**

On May 11, 2005, the Real ID Act was signed into law.  Emergency Supplemental Appropriations Act for Defense, the Global War on Terror, and Tsunami Relief 2005, Real ID Act of 2005, Pub. L. No. 109-13 (May 11, 2005) ("Real ID Act").  Section 106 of the Real ID Act amends section 242 of the Immigration and Nationality Act (INA) so as to strip this court of jurisdiction to hear habeas corpus petitions that challenge final orders of removal.  Real ID Act, § 106(a)(1) (adding INA § 242(a)(5) (to be codified at 8 U.S.C. § 1252(a)(5)).  Because it appears that the BIA denied petitioner's withholding of removal under CAT, we note that the Real ID Act also provides that "a petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of any cause or claim under the United Nations Convention Against Torture. . ."  Real ID Act, § 106(a)(1) (adding INA § 242(a)(4) (to be codified at 8 U.S.C. § 1252(a)(4))).

The proper venue for a petition of review is the court of appeals for the judicial circuit in which the immigration judge completed the petitioner's proceedings. 8 U.S.C. § 1252(b)(2). We are without sufficient information to determine which court of appeals is the appropriate court. However, in the interest of justice, and because petitioner is being detained in York County Prison, which is in York County, Pennsylvania, we will transfer the case to the United States Court of Appeals for the Third Circuit to cure want of jurisdiction pursuant to 28 U.S.C. § 1631.

Finally, petitioner's filing contains two supplemental claims. First, his filing contains a "Motion Injuries and Denied Medical Physical Therapy" in which he appears to argue that he was either denied medical treatment or subject to medical malpractice. Second, the petition contains a "Motion Activities For Return of Property in York County Prison" in which he appears to ask that certain property be returned to him. These sound more like civil rights or Federal Tort Claims Act claims. They do not challenge the fact or length of custody and therefore are not properly brought in petitioner's habeas corpus petition. See Preiser v. Rodriguez, 411 U.S. 475 (1973). Therefore, we will dismiss them without prejudice. Its worth noting that petitioner is free to bring these claims in separate actions with the court.

3

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. Petitioner's case is transferred to the United States Court of Appeals for the Third Circuit to cure want of jurisdiction pursuant to 28 U.S.C. § 1631.

2. Petitioner should make all future filings with the United States Court of Appeals for the Third Circuit or the appropriate court of appeals, as it may direct.

3. Petitioner's supplemental claims of "injuries and denied medical physical therapy" and "return of property" are dismissed without prejudice.

4. The Clerk is directed to close the case file.

    s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge